OPINION
Appellant Sara Morrison appeals a judgment of the Tuscarawas County Common Pleas Court, Juvenile Division, finding her delinquent for violating the terms and conditions of her probation:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY AND INTELLIGENT, WHEN IT FAILED TO ASCERTAIN WHETHER NOTICE REQUIREMENTS WERE MET, THUS VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE YOUTH UNDERSTOOD THE RIGHTS SHE WAS WAIVING, MAKES THE ADMISSION NOT KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED BY FAILING TO MAKE INQUIRY TO DETERMINE WHETHER THE WAIVER OF COUNSEL BY A JUVENILE IN A SERIOUS MISDEMEANOR CASE WAS DONE IN AN INTELLIGENT, UNDERSTANDABLE AND COMPETENT MANNER VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE CONSTITUTION OF THE STATE OF OHIO, ARTICLE I, SECTION 10.
On September 15, 2000, a complaint was filed in the Tuscarawas County Common Pleas Court, Juvenile Division, alleging that appellant Sara Morrison violated a previous order of the court, by failing to follow the terms and conditions of probation. On September 19, 2000, appellant and her mother appeared in Juvenile Court for an arraignment on the complaint. Appellant admitted the charge, and was found to be a delinquent child. She was ordered into court placement.
 I II
Appellant argues that the court failed to comply with Juv. R. 29, and did not ascertain whether she understood the nature of the charges against her, and whether she understood the rights she was waiving. This claim is patently without merit. Juv. R. 29 provides: At the beginning of the hearing, the court shall do all of the following: (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance; (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult; (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel; (4) Appoint counsel for any unrepresented party under Juv. R. 4 (A) who does not waive the right to counsel; (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any state of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and upon request, to have a record of all proceedings made, at public expense if indigent.
The court advised appellant that the complaint indicated that she had violated a prior order of the court, specifically, failing to follow the terms and conditions of her probation by not making her whereabouts known from September 9, until September 10, 2000. The court advised appellant that this conduct had constituted a violation of R.C. 2151.02. The court explained the possible consequences arising from a finding of delinquency. The court advised appellant of the rights she would be giving up, including the right to make the State prove her guilt beyond a reasonable doubt, the right to have an attorney cross-examine witnesses on her behalf, the right to compel witnesses, the right against self incrimination, and the fact that a plea would waive most of her issues on appeal. The court further provided appellant with a written itemization of her rights, reenforcing the personal dialogue between appellant and the court. Appellant signed this written waiver of her rights. The first and second assignments of error are overruled.
 III
Appellant argues that the court did not make an inquiry as to whether her waiver of counsel was done in an intelligent, understandable, and competent manner. This claim is without merit. The court advised appellant that she had the right to be represented by counsel, and if she could not afford counsel, counsel would be appointed for her by the court. The court further advised appellant of her right to have counsel appointed for appeal, and of the role an attorney would play should she choose to go forward with trial. The written itemization of rights appellant would be waiving included, first and foremost, the right to be represented by an attorney. Appellant indicated in court that she understood her rights, including the right to counsel. Further, appellant signed the waiver of her rights. Again, after advising her of the charge against her, the court specifically asked appellant if she desired to have an attorney appointed to represent her. Tr. 6. Appellant responded that she did not. The record reflects that the court made sure appellant and her mother understood that she had the right to an appointed attorney, but appellant waived her right to have an attorney, both in open court and in writing. The third assignment of error is overruled.
The judgment of the Tuscarawas County, Juvenile Division, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur